Richard D. SHAPERO, Petitioner,

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

Supreme Court of Kentucky.

Nov. 26, 1986.

As Modified March 27, 1987.

Donald L. Cox and Mary Janice Lintner, Lynch, Sherman & Cox, Louisville, for petitioner.

Bruce K. Davis, Director, Kentucky Bar Ass'n, Frankfort, for respondent.

WINTERSHEIMER, Justice.

This is a petition for review of Supreme Court Rule 3.135(5)(b)(i) which has been interpreted by the advertising commission to prohibit direct targeted mail advertising by lawyers.

The question is whether the rule violates the First and Fourteenth Amendments to the United States Constitution.

Shapero argues that the targeted direct mail advertising rule does not advance a substantial governmental interest and the rule is more restrictive than necessary in view of the holding of the United States Supreme Court in *Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626, 647, 105 S.Ct. 2265, 2280, 85 L.Ed.2d 652, 670 (1985).

Supreme Court Rule 3.135(5)(b)(i) provides:

> A written advertisement may be sent or delivered to an individual addressee only if that addressee is one of a class of persons, other than a family, to whom it is also sent or delivered at or about the same time, and only if it is not prompted or precipitated by a specific event or occurrence involving or relating to the addressee or addressees as distinct from the general public.

In 1985, the United States Supreme Court in a plurality decision ruled that an attorney may not be disciplined for soliciting legal business through printed newspaper advertisements which contained truthful and nondeceptive information and advice regarding the legal rights of potential clients. *Zauderer, supra.*

Following the *Zauderer* decision, Shapero, a Louisville attorney, pursuant to SCR 3.135(6)(b), submitted to the Lawyers' Advertising Commission of the Kentucky State Bar Association, the blank form of a letter he proposed to send to potential clients who had a foreclosure suit filed against them. The advertising commission determined that the letter proposed is a violation of SCR 3.135(5)(b)(i) because it is a letter precipitated by a specific event or occurrence involving or relating to the addressee or addressees as distinct from the general public. The advertising commission did not find that the letter was false, misleading or deceptive. Thereafter, Shapero requested an opinion from the Ethics Committee of the Kentucky Bar Association about propriety of the proposed letter. The Ethics Committee disapproved the submitted form of direct-mail letter. Shapero then petitioned this Court for review of the Advisory Opinion and the rule which was granted.

■ The rule as now written which was interpreted by the Advertising Commission and the Ethics Committee to be in conflict with the interpretation of the United States Supreme Court of the First and Fourteenth Amendments to the United States Constitution as expressed in *Zauderer* should be deleted.

In that case, the United States Supreme Court determined that lawyer advertising is a form of commercial free speech protected by the First Amendment and that advertising by attorneys may not be subjected to blanket suppression. The specific cases involved newspaper advertising; this case involves direct targeted mail.

*In re R.M.J.,* 455 U.S. 191, 102 S.Ct. 929, 71 L.Ed.2d 64 (1982), quoting *Bates v. State Bar of Arizona,* 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977) holds that while misleading advertising may be prohibited entirely, the states may not place an absolute prohibition on certain types of potentially misleading information if the information also may be presented in a way that is not deceptive. The state may exercise its authority to regulate legal advertising only when it can assert a substantial interest and the interference with commercial free speech must be in proportion to the interests served. *In re R.M.J., supra.* The United States Supreme Court has struck down bans on legal advertising that include targeted direct mail advertising for nonpecuniary reasons. *See In re Primus,* 436 U.S. 412, 98 S.Ct. 1893, 56 L.Ed.2d 417 (1978).

The Ethics Committee cited Rule 7.3 of the Model Rules of Professional Conduct which were adopted by the American Bar Association several years before the United States Supreme Court's decision in *Zauderer* which prohibits solicitation for pecuniary gain. However, the Kentucky Ethics Committee did not determine that the proposed blank-form letter was misleading, potentially misleading, deceptive or false. The Model Rules have been proposed in Kentucky but never formally adopted.

■ The crux of the matter is whether the state has a substantial governmental interest that is directly served by prohibiting solicitation by direct targeted mailing sent to potential clients known to have a specific legal problem and whether the targeted direct mail may be prohibited because it is improper solicitation and the rule is in proportion to the governmental interest served.

In view of the language of the rule as it is presently written, we are compelled by the decision in *Zauderer* to order the rule deleted.

It is the decision of this Court that Supreme Court Rule 3.135(5)(b)(i) be deleted.

The state is free to fashion any reasonable restriction with respect to time, place and manner of solicitation by the members of its bar association. *In re Primus, supra.* The state has a recognizable governmental interest in regulating members of

the professions it licenses and who serve as officers of the courts which justifies the application of rules to prohibit solicitation that is misleading, overbearing or involves other features of deception or improper influence. A state may forbid in-person solicitation for pecuniary gain under circumstances likely to result in those evils. *Ohralik v. Ohio State Bar Assn.*, 436 U.S. 447, 98 S.Ct. 1912, 56 L.Ed.2d 444 (1978). Direct targeted mail to a person with whom the lawyer has no prior relationship should also be prohibited for the same reasons.

*Ohralik, supra*, held that the in-person solicitation of business by a lawyer was so fraught with potential for wrongdoing and so difficult to police that it justified the establishment of a prophylactic measure preventing it. The courts have recognized the difference between the protection of commercial free speech which occurs in an area traditionally subject to governmental regulation and other varieties of speech where the same types of regulations might be improper.

*Ohralik* specifically found that the free speech element is an essential but subordinate component of a situation of in-person solicitation by a lawyer of a potential client. We agree.

This Court is not unmindful of the serious potential for abuse inherent in direct solicitation by lawyers of potential clients known to need specific legal services. Such solicitation subjects the prospective client to pressure from a trained lawyer in a direct personal way. It is entirely possible that the potential client may feel overwhelmed by the basic situation which caused the need for the specific legal services and may have a seriously impaired capacity for good judgment, sound reason and a natural protective self-interest. Such a condition is full of the possibility of undue influence, overreaching and intimidation.

As provided in the Model Rules which are now under consideration by this Court and members of the Kentucky Bar Association, as well as current rules, advertising makes it possible for a potential client to be informed about the need for legal services and about the qualifications of available lawyers without subjecting them to direct personal pressure. The use of general advertising as distinguished from direct private contact tends to assure that information is presented without intimidation.

We do not believe submission of a blank form letter to the Advertising Commission provides a suitable protection to the public from overreaching, intimidation or misleading private targeted mail solicitation.

Such dangers result from direct solicitation whether in person or by mail. General mailings not addressed to a specific situation do not have the same danger for abuse as direct targeted mailing.

The model rule, *Rule 7.3*, which is proposed for adoption in Kentucky provides as follows:

A lawyer may not solicit professional employment from a prospective client with whom the lawyer has no family or prior professional relationship, by mail, in-person or otherwise, when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain. The term "solicit" includes contact in person, by telephone or telegraph, by letter or other writing, or by other communication directed to a specific recipient, but does not include letters addressed or advertising circulars distributed generally to persons not known to need legal services of the kind provided by the lawyer in a particular matter, but who are so situated that they might in general find such services useful.

This is an appropriate rule which we now adopt as the law of this Commonwealth.

We affirm the decision of the Ethics Committee to deny the request.

STEPHENS, C.J., and GANT, LAMBERT, LEIBSON, STEPHENSON, and WINTERSHEIMER, JJ., concur.

VANCE, J., dissents.