Mary Jane CURTIS, Plaintiff-Appellant,

v.

BILL HANNA FORD, INC.,
Defendant-Appellee.

No. 86–4686.

United States Court of Appeals,
Fifth Circuit.

July 24, 1987.

George M. Strickler, Jr., New Orleans, La., Henry C. Walker, Walker, Tooke, Perlman & Lyons, Shreveport, La., for plaintiff-appellant.

Jack E. Carlisle, Jr., Lunn, Irion, Switzer, Johnson & Salley, Shreveport, La., for defendant-appellee.

Before WRIGHT,* GEE, and JOLLY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

Mary Jane Curtis appeals a partial award of attorneys fees after the district court found against Bill Hanna Ford, Inc., in a sex discrimination suit. The appeal raises these issues: (1) whether the trial judge may sua sponte reduce the amount requested in an unopposed motion for fees and costs; (2) whether the judge may do so without an evidentiary hearing; and (3) whether the judge may use the factors set forth in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir.1974), to reduce the lodestar, deny recovery for all time claimed by co-counsel, reduce lead counsel's hourly rate, and deny recovery for costs. We affirm the judgment of the district court as modified.

## FACTS

Curtis sued Bill Hanna Ford, Inc., alleging that it had failed to promote her because of her sex and that it later discharged her for complaining of its failure, in violation of the Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e to 2000e–17. After a short bench trial, the district court awarded Curtis reinstatement and $81,-106.62 in damages.

Curtis moved for an award of attorney's fees and costs pursuant to 42 U.S.C. § 2000e–5(k). The motion asked $49,793.00 as compensation for the services of four attorneys for 415.9 hours at rates ranging from $100 to $125 per hour. Henry Walker, the lead counsel who conducted the trial, submitted claims for 320.1 hours at $125.00 per hour. George M. Strickler, Jr., a law professor at Tulane University Law School with whom Walker consulted, submitted claims for 25.3 hours at $100.00 per hour. Laurie Lyons, who helped to assess Curtis's damages and attempted to negotiate a settlement, as well as attended trial, submitted claims for 60.8 hours at $105.00 per hour. Rebecca Hudsmith, who helped to calculate the proposed settlement amount and prepared trial documents, submitted her affidavit for 9.7 hours at $100.00 per hour. In addition to fees, Curtis requested compensation for $4,969.89 in out-of-pocket expenses. Hanna did not oppose the motion for fees and costs, and the district court did not conduct a hearing on it.

Finding that an award of reasonable attorney's fees was proper, the district court

* Circuit Judge of the Ninth Circuit, sitting by designation.

determined that reasonable fees were 263.8 hours at a rate of $100.00 per hour. Because the case was not complex or demanding, the court calculated the reasonable hours by excluding as redundant the time that counsel other than Walker spent, time related to consulting with the civil rights expert, Professor Strickler, and that related to representation at an EEOC hearing. The court also assessed the requested expenses item-by-item to determine that reasonable expenses were $1,633.41.

Hanna has satisfied the judgment. Curtis appeals the district court's failure to award her the full amount of attorney's fees and costs requested.

## ANALYSIS

### I. Standard of Review

▮ The Civil Rights Act of 1964, Title VII, § 706(k), 42 U.S.C. § 2000e–5(k), provides:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs....

The award of attorney's fees under Title VII plainly is committed to the district court's discretion. *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 535 (5th Cir.1986); *EEOC v. Tarrant Distrib., Inc.*, 750 F.2d 1249, 1251 (5th Cir.1984). We may order the district court to recalculate the total award of fees only if it abused its discretion. *Brantley v. Surles*, 804 F.2d 321, 327 (5th Cir.1986), *clarified by, Cobb v. Miller*, 818 F.2d 1227 (5th Cir.1987). However, we review the findings of fact underlying the calculation of the award to see whether they are clearly erroneous. *Id.*

### II. Reduction of Unopposed Request

▮ Curtis asserts that the court erred in adjusting the requested fees and costs when the motion for fees was unopposed. Curtis would have the district court award the amounts requested in its unopposed motion without any judicial supervision.

42 U.S.C. § 2000e–5(k) does not permit the award of any fees requested, but only of "reasonable attorney's fees." It also entrusts the award of fees to the court's discretion. The defendant's silence on the motion for fees cannot be equated with consent. Instead of increasing their financial burden by continued opposition, defendants may rely on the court's exercise of sound judgment as to what is reasonable. The district court may, consistent with the statute, examine the reasonableness of the fees requested, even when the request is not opposed. *Piambino v. Bailey*, 610 F.2d 1306, 1328 (5th Cir.1980), (court fell into serious error when it did not apply the factors of *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), to assess the reasonableness of an unopposed settlement as to fees), *cert. denied*, 449 U.S. 1011, 101 S.Ct. 568, 66 L.Ed.2d 469 (1980) *(Piambino I); Clairborne v. Illinois Central R.R.*, 583 F.2d 143, 155 (5th Cir.1978) (finding no abuse of discretion in trial court's disallowance of hours undocumented even though defendant did not contest time), *cert. denied*, 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 303 (1979).

### III. Evidentiary Hearing

▮ Curtis argues she was entitled to an evidentiary hearing. However, she does not indicate what she could provide that she has not already presented to the court in her Memorandum in Support of Motion for Attorney's Fees and Expenses and in her counsels' affidavits. Nor did Curtis request a hearing before the district court. She relied only on her memorandum and affidavits. Because she did not request a hearing and relied instead on the district court's supervisory discretion, a hearing was not mandated. *See Doyle v. United States*, 817 F.2d 1235, 1237 (5th Cir.1987) (a judge may rely on unopposed affidavits and is not required to hold hearing to set attorney's fees for Fed.R.Civ.P. 11 purposes); *Sorola v. City of Lamesa*, 808 F.2d 435, 437 (5th Cir.1987) (hearing is not required in the absence of a disputed issue of fact); *King v. McCord*, 621 F.2d 205, 206 (5th Cir.1980), *appeal after remand*, 707 F.2d 466 (11th Cir.1983) (hearing is not required if neither party requests one).

The district court did not err in applying the factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), on the basis of the motions and affidavits before it.

### IV. Application of the *Johnson* Factors

Curtis asserts that the court's findings of fact underlying the award were clearly erroneous and that it failed to articulate adequately its reasons for the award made.

We have indicated that the factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974), should be considered in the following framework:

(1) Ascertain the nature and extent of the services supplied by the attorney;
(2) Value the services according to the customary fee and quality of the legal work; and
(3) Adjust the compensation on the basis of the other *Johnson* factors that may be of significance in the particular case.

*Nisby v. Commissioners Court of Jefferson County*, 798 F.2d 134, 136 (5th Cir. 1986), *clarified by, Cobb v. Miller*, 818 F.2d 1227 (5th Cir.1987).

■ In applying this formula, the district court must explain the findings and the reasons upon which the award is based. *Cobb v. Miller*, 818 F.2d 1227, 1231 (5th Cir.1987). However, it is not required to address fully each of the 12 factors. *Id.*

■ The district court ascertained that counsel for Curtis had spent 422.9 hours on the case, in compliance with the first consideration of the framework. It then adjusted those hours in compliance with the third consideration because it found (a) that the case was not complex, (b) a civil rights expert was not needed, (c) motion work was minimal, (d) time pressures were not present, (e) trial time was short, (f) one attorney was able to conduct the trial, and (g) other employment was not precluded. The court determined, based on these findings, that the efforts of co-counsel were duplicative or not necessary, and thus not reasonable. Our review of the record indicates that the court's description of the case and the amount of attorney services

required is not clearly erroneous. Its determination was consistent with the policy of rewarding efficient litigators. We affirm the decision not to allow fees to Walker's co-counsel and Professor Strickler.

The district court also reduced the 320.1 hours that Walker worked by 56.3 hours, which represented "those hours claimed by Mr. Walker relative to consultation with Professor Strickler." Curtis argues that the amount should not be reduced by more than 25.3 hours that Professor Strickler himself billed. Walker's affidavit lists 67 hours that could be "relative to consultation with Professor Strickler." Because the reduction is within the range supported by a plausible reading of Walker's affidavit, the district court's reduction is not such a "gross miscalculation" as to constitute error. *See Thomas v. Sams*, 734 F.2d 185, 193 (5th Cir.1984), *cert. denied*, 472 U.S. 1017, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985). The court based its calculation of reasonable hours based on a plausible interpretation of the affidavits.

■ To satisfy the second consideration of *Nisby* in determining the "lodestar," the district court awarded an hourly rate of $100.00. Despite the finding that "[p]laintiff's counsel were prepared and rendered commendable service," the hourly rate awarded was less than that requested for Walker. The record indicates that he customarily received $150 per hour and had been awarded $125 per hour in an equal employment discrimination case. This satisfies the Supreme Court's requirement of showing the market value of services rendered. *Blum v. Stenson*, 465 U.S. 886, 892, 104 S.Ct. 1541, 1545, 79 L.Ed.2d 891 (1984). Nothing in the record suggests that the $125.00 per hour requested was not customary, nor does the record suggest Walker spent an excessive amount of time on the case once the time spent with Strickler is eliminated. Consequently, the district court clearly erred in not awarding the rate of $125.

■ The court also erred in concluding that travel time to and from the EEOC hearing, and time before the EEOC, was not compensable. Time spent representing

a client before the EEOC when required by Title VII is compensable under 42 U.S.C. § 2000e–5(k). *New York Gaslight Club v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980). Curtis is entitled to $2,170 (16 hours × $125 per hour) in EEOC related time.

### V. Costs and Expenses

 The award and calculation of costs and expenses are committed to the district court's discretion. *See In re Hunt,* 754 F.2d 1290, 1294 (5th Cir.1985). The court did not disallow the expenses by some arbitrary percentage. Rather, it disallowed specific expenses item-by-item because they were "not necessitated so as to be reasonable." Although, as Curtis notes correctly, many of the disallowed expenses "may be" awarded to a successful plaintiff, *see Dowdell v. City of Apopka,* 698 F.2d 1181, 1192 (11th Cir.1983), they must not be awarded when they are extravagant or unnecessary. The court's finding is not clearly erroneous and we find no abuse of discretion.

### CONCLUSION

The district court did not abuse its discretion by adjusting an unopposed request for fees and costs. An evidentiary hearing was not required because none was requested. The court did not clearly err in eliminating the time for co-counsel, Professor Strickler, or consultation with the professor. There was no abuse of discretion in reducing the costs item-by-item. The district court's reduction of Mr. Walker's hourly rate from $125 to $100 was error. The court also erred in eliminating fees for representation before the EEOC.

Therefore, we modify the district court's judgment to award attorney's fees at the rate of $125 per hour for a total of 263.8 hours, and to award $2,170 in time related to the EEOC hearing. Curtis is entitled to a total award of $35,145. As MODIFIED, the judgment of the district court is AFFIRMED.