831 F.2d 563
 Arthur J. BLANCHARD, Plaintiff-Appellant,
v.
James BERGERON, Sheriff Charles Fuselier, ABC Insurance
Company, DEF Insurance Company, Barry Breaux, Ouydrey Gros,
Jr., Darrell Revere, Oudrey's Odyssey Lounge, GHI Insurance
Company, Defendants-Appellees.
 No. 86-4832.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 10, 1987.
 
 William W. Rosen, New Orleans, La., for plaintiff-appellant.
 Edmond L. Guidry, III, Martinville, La., for defendants-appellees.
 Appeal from the United States District Court for the Western District of Louisiana.
 Before RUBIN, GARZA, and JONES, Circuit Judges:
 EDITH H. JONES, Circuit Judge:
 
 
 1
 This appeal deals only with the district court's attorney fee award under the Civil Rights Act after the jury awarded appellant $5,000 compensatory and $5,000 punitive damages on his Sec. 1983 claim. Although appellant sought total attorney fees and costs slightly over $40,000, the district court awarded $7,500 in attorney fees and $886.92 for costs and expenses. We reverse, because there is a controlling contingency fee agreement between the attorney and client.
 
 
 2
 The Supreme Court has instructed that the district court has discretion in determining the amount of a fee award. Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). We will only overrule findings of fact which we find to be clearly erroneous, and the reasonableness of the total award will be judged according to the abuse of discretion standard. Curtis v. Bill Hanna Ford, Inc., 822 F.2d 549 (5th Cir.1987).
 
 FEES
 
 3
 The district court found that Appellant had a contingency fee arrangement with his attorney that provided for a fee of 40% of the damages awarded--in this case, $4,000. While the record is not without doubt on this point, this factual finding is not clearly erroneous and is supported by deposition testimony of appellant's trial counsel. The district court applied this factual finding as one justification among several for adjusting the requested lodestar downward.
 
 
 4
 Appellant contends that a contingency fee agreement should be disregarded in determining a reasonable fee in civil rights cases. Several circuits have so held. Hammer v. Rios, 769 F.2d 1404, 1408 (9th Cir.1985); Cooper v. Singer, 719 F.2d 1496, 1500 (10th Cir.1983); Lenard v. Argento, 699 F.2d 874, 900 (7th Cir.1983); Sargeant v. Sharp, 579 F.2d 645, 649 (1st Cir.1978). According to appellant, we should therefore ignore his contingency agreement and, overruling other aspects of the district court decision, award him a significantly higher amount. Appellant failed to cite our circuit's holding, by which we are bound, that the amount a successful civil rights plaintiff is obligated to pay his attorney serves as a cap on the amount of attorney's fee to be awarded, although the court is not bound to enforce a contract for an unreasonably high fee. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 718 (5th Cir.1974). The reason enunciated for this limit is that an appellant will not be given a windfall via Sec. 1988. "In no event, however, should the litigant be awarded a fee greater than he is contractually bound to pay...." Id. The Eleventh Circuit has also followed Johnson, reasoning that the contract between a plaintiff and his attorney represents their notion of a reasonable fee. Pharr v. Housing Authority, 704 F.2d 1216, 1218 (11th Cir.1983). In reaching this conclusion, we disserve neither the appellant nor Congress's intention to foster enforcement of the Civil Rights Acts by means of fee-shifting. The appellant's contractual obligation to his attorney has been fulfilled and he has received a favorable judgment at no cost to himself. The appellant's attorney may decide not to accept another civil rights case on a contingent-fee contract, but the outcome of this case should not be a disincentive to handling civil rights cases upon different contractual terms. See, e.g., the contract in Pharr, supra. Finally, to the extent that fee awards in civil rights cases are intended to reflect fees charged "in the marketplace" for legal services, enforcement of the contingent fee contract here is appropriate.
 
 
 5
 Because the fee award must be limited to $4,000, we need not address Appellant's claims that the district court improperly reduced the number of hours in the lodestar calculation. Moreover, any hours "billed" by law clerks or paralegals would also naturally be included within the contingency fee.
 
 EXPENSES
 
 6
 Appellant argues that the district court erred in not awarding expenses for items incident to the attorney services such as photocopying, long distance telephone calls and travel. The district court held that such expenses represent overhead which is compensated for by the attorney fee, rendering additional compensation unwarranted. Where, however, the fee itself has been limited by the parties' agreement with no provision for expenses, Section 1988 may be employed to permit such an award. The items claimed by appellant represent customary out-of-pocket charges in this type of litigation and are not unreasonable in amount. To these, we must add the costs of depositions, which the district court denied, but which fall within Fed.R.Civ.Proc. 54(d). See Allen v. U.S. Steel Corp., 665 F.2d 689, 697 (5th Cir.1982).
 
 
 7
 Thus, the judgment of the district court is modified to provide attorney fees of $4,000 and expenses of $4,499.52.
 
 
 8
 AFFIRMED AS MODIFIED.