**Richard D. SHAPERO, Petitioner,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 86–SC–335–KB.

Supreme Court of Kentucky.

Jan. 19, 1989.

Donald L. Cox, Mary Janice Lintner, Lynch, Cox, Gilman & Mahan, P.S.C., Louisville, for petitioner.

Frank P. Doheny, Jr., Joseph L. Lenihan, Woodward, Hobson & Fulton, Louisville, for respondent.

OPINION AND ORDER

STEPHENS, Chief Justice.

Petitioner, Richard D. Shapero, filed a motion in this Court for a briefing schedule on the issues of his right to an award of attorney fees and expenses in this action. This Court has denied the motion for a briefing schedule because the motion and response already provide adequate briefing, and in this Opinion we deny Petitioner's request for the reasons that follow.

The following facts give rise to Petitioner's motion. Using SCR 3.135, Petitioner submitted a proposed letter to the Kentucky Attorneys Advertising Commission for approval. Petitioner planned to send the letter which constituted direct targeted mail advertising to potential clients with a foreclosure suit filed against them. The Advertising Commission found that the proposed letter violated SCR 3.135(5)(b)(i), since withdrawn, which then prohibited a

letter "precipitated by a specific event or occurrence involving or relating to the addressee or addressees as distinct from the general public." After failing to obtain approval from the Advertising Commission, Petitioner *abandoned* the proceeding although SCR 3.135(8) provided a right to appeal.

He then separately petitioned for an informal advisory opinion from the Committee on Legal Ethics, a procedure provided by SCR 3.530. Instead of just issuing an informal opinion, following the procedure for which the rule provides the Ethics Committee asked the Board of Governors to adopt and issue a formal advisory opinion. The Board of Governors issued formal advisory opinion E–310. Opinion E–310 held that *an* attorney (any attorney) may not write "a letter and send it by regular mail to a specific individual that the lawyer has identified as being in need of the attorney's legal services."

Petitioner next sought review in this Court of the Board's formal advisory opinion, as provided for in SCR 3.530. We granted review and affirmed Ethics Opinion E–310 in substance. Our Opinion also deleted SCR 3.135(5)(b)(i) and adopted the new model rule, Rule 7.3, from the ABA Model Code of Professional Responsibility. We based our holding on the belief that "submission of a blank form letter to the Advertising Commission [does not] provide[ ] a suitable protection to the public from overreaching, intimidation or misleading private targeted mail solicitation." *Shapero v. Kentucky Bar Ass'n*, Ky., 726 S.W.2d 299 (1987).

Our judgment was reversed by the Supreme Court of the United States, with the Kentucky Bar Association being ordered to pay Petitioner $383.21 for his costs. *Shapero v. Kentucky Bar Ass'n*, 486 U.S. ——, 108 S.Ct. 1916, 100 L.Ed.2d 475 (1988).

Petitioner now seeks recovery of attorney fees and expenses incurred in the previously discussed proceedings before the Kentucky Supreme Court and the United States Supreme Court. Petitioner argues that he is entitled to an award of attorney fees [1] and expenses under 42 U.S.C. § 1988. Section 1988 allows a court, in its discretion, to award the prevailing party reasonable attorney fees in an action to enforce a provision of 42 U.S.C. § 1983. Section 1983 creates a civil action against persons acting under color of the state law when their actions deprive the plaintiffs of rights secured by the Constitution. Petitioner maintains that a blanket ban on targeted direct mail advertisements violated his constitutional rights under the First and Fourteenth Amendments of the United States Constitution. He argues further that this Court's review of the Advisory Opinion was an action to redress this violation of his civil rights.

Petitioner failed to mention Section 1983 in his Brief to our Court when we reviewed the Board of Governors Advisory Opinion. Petitioner submits that this failure is not fatal to his award of attorney fees and expenses. He relies on *Americans United for Separation of Church and State v. School Dist. of Grand Rapids*, 835 F.2d 627 (6th Cir.1987), as authority for this position. We need not decide whether to follow this precedent because the present situation is inapposite.

In *Americans United* plaintiffs "were the prevailing parties in an *action to enjoin* programs by which a public school system leased classrooms in buildings of religious nonpublic school associations." *Id.* at 628. The Sixth Circuit held that prevailing parties in an action against state authorities to vindicate constitutional rights do not have to specifically plead or rely upon Section 1983 to be entitled to attorney fees under Section 1988.

---

1. The attorney fees requested, in the amount of $60,025.00, include hourly rates for paralegals and law clerks. The United States Supreme Court has granted review of *Blanchard v. Bergeron*, 831 F.2d 563 (5th Cir.1987). One of the issues in *Blanchard* is whether the time of paralegals and law clerks should be considered in an award of reasonable attorney fees under 42 U.S.C. § 1988. Granting review of this issue puts in doubt the recoverability of other expenses under § 1988. Petitioner seeks recovery of other expenses, such as copying and cab fare, in this proceeding.

Petitioner's challenge to Ethics Opinion E–310 differed from *Americans United* in one fatal respect. In *Americans United,* the plaintiffs petitioned for, and obtained, personal redress. Specific action was sought *and* was taken against the defendants. In our Court, Petitioner sought only review of "the attached Opinion of the Kentucky State Bar Association." He did not seek anything more than an opinion from us overruling an ethics opinion. He never appealed denial of his right to send the letter submitted to the Advertising Commission as provided for in SCR 3.135(8). We granted review of an advisory opinion, not review of any action taken against Mr. Shapero. The only action taken against Mr. Shapero was taken by the Advertising Commission. This action was never appealed.

The Advisory Opinion published by the Board of Governors had no legally binding effect on Shapero, before or after we affirmed it. If he had proceeded to mail the letter and disciplinary proceedings had been instituted, and thereafter he had been enjoined or disciplined, then and only then, would action have been taken against him. The effect of the KBA Advisory Opinion, and of our Opinion, was no more binding on Mr. Shapero than on any other member of the Bar.

Our Opinion in *Shapero v. Kentucky Bar Ass'n.* erroneously stated that we affirmed the decision of the Ethics Committee in denying the request. We affirmed the Opinion of the Ethics Committee as stated in the Advisory Opinion, but neither the Committee nor this Court denied any request. The Ethics Committee never reviewed Mr. Shapero's request for permission to send the letter. The Ethics Committee had no authority to grant or deny permission to send the proposed letter. Jurisdiction lay in the Advertising Commission. Petitioner received the ruling of the Advertising Commission but chose not to appeal the ruling. SCR 3.135(8) allows "any person aggrieved by a notice of proposed disapproval or a final decision of the [Advertising] Commission" to appeal to the Board of Governors and to appeal the Board's decision to the Kentucky Supreme Court. Petitioner did not select this route. The wording of our Opinion in the *Shapero* case was in error in assuming there was a "request" before us to deny, but this mistake does not create a right where none exists.

Because we decide that this case bears no similarity to a Section 1983 action, it is unnecessary to reach other issues regarding computation of attorneys fees and expenses set forth and discussed in the Motion and Response.

Based on the record in this case, we deny the Petitioner's motion for attorney fees and expenses.

All concur.