PER CURIAM: *
Cleopatra DeLeon, Nicole Dimetman, Victor Holmes, and Mark Phariss were awarded $585,470.30 in attorneys’ fees and $20,202.90 in costs arising from their successful challenge to Texas’s constitutional and statutory provisions limiting marriage to opposite-sex couples. On appeal, Texas argues that the fees and costs awarded are excessive and are composed of non-com-pensable amounts. We find no abuse of discretion and AFFIRM.
*342 I.
The plaintiffs were successful in obtaining a judgment invalidating Article I, § 32 of the Texas Constitution and Texas Family Code §§ 2.001(b) and 6.204(b), which limited marriage in Texas to opposite-sex couples. Following the Supreme Court’s decision in Obergefell v. Hodges, - U.S. -, 135 S.Ct. 2584, 192 L.Ed.2d 609 (2015), recognizing a constitutional right to same sex marriage, this court affirmed the district court’s preliminary injunction and directed the judgment be entered in plaintiffs’ favor.
After judgment was entered, plaintiffs sought to recover their attorney’s fees under 42 U.S.C. § 1988 and costs under Federal Rule of Civil Procedure 54.
II.
We review awards of attorney’s fees “for abuse of discretion, reviewing factual findings for clear error and legal conclusions de novo.” Davis v. Abbott, 781 F.3d 207, 213 (5th Cir.), cert. denied, - U.S. -, 136 S.Ct. 534, 193 L.Ed.2d 427 (2015). The reasonableness of attorney rates and hours expended are questions of fact reviewed for clear error. La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir. 1995). A district court abuses its discretion if its award is “based on an erroneous view of the law or a clearly erroneous assessment of the evidence.” Walker v. City of Bogalusa, 168 F.3d 237, 239 (5th Cir. 1999) (internal quotation marks omitted).
As we have said before, “[w]e cannot overemphasize the concept that a district court has broad discretion in determining the amount of a fee award.” Associated Builders & Contractors of La., Inc. v. Orleans Par. Sch. Bd., 919 F.2d 374, 379 (5th Cir. 1990). Our deferential review is “ ‘appropriate in view of the district court’s superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.’ ” Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)); see also Cantu Servs., Inc. v. Frazier, et al., No. 16-31035, 682 Fed.Appx. 339, 341, 2017 WL 1089508, at *2 (5th Cir. Mar. 22, 2017) (“ ‘Due to the district court’s superior knowledge of the facts and the desire to avoid appellate review of factual matters, the district court has broad discretion in setting the appropriate award of attorney[’s] fees.’ ”) (quoting Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993); Hopwood v. Texas, 236 F.3d 256, 277 (5th Cir. 2000) (“Appellate courts have only a limited opportunity to appreciate the complexity of trying any given case and the level of professional skill needed to prosecute it.”). However, this deferential review is appropriate only if the district court “ ‘provide[s] a concise but clear explanation for its reasons for the fee award.’ ” Associated Builders, 919 F.2d at 379 (quoting Hensley, 461 U.S. at 437, 103 S.Ct. 1933) (alteration in original).
Under Federal Rule of Civil Procedure 54, a prevailing party may recover its costs. See Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920 (delineating recoverable costs). Moreover, under 42 U.S.C. § 1988, a prevailing party may also recover “[a]ll reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone ... because they are part of the costs normally charged to a fee-paying client.” Associated Builders, 919 F.2d at 380. The award and calculation of costs and expenses are committed to the district court’s discretion, though expenses that “are extravagant or unnecessary” must be disallowed. Curtis v. Bill Hanna Ford, Inc., 822 F.2d 549, 553 (5th Cir. 1987).
*343 HI.
The district court’s order reflects that it carefully reviewed the plaintiffs’ claim for attorney’s fees and costs under the proper legal standards. It also carefully considered the state’s many objections to the plaintiffs’ claimed fees and costs. After considering those objections, the district court accepted a substantial 35 percent reduction in the total hours expended to account for non-compensable time and determined that the remaining hours were both reasonable and reasonably expended. See Kellstrom, 50 F.3d at 324. We recently reiterated that, “[i]n determining reasonable attorney’s fees, the district court is not required ‘to achieve auditing perfection,’ as ‘[t]he essential goal in shifting fees (to either party) is to do rough justice.’ ” Cantu, 682 Fed.Apppx. at 343, 2017 WL 1089508, at *4 (quoting Fox v. Vice, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011)) (second alteration in original). Instead, “[district courts may ‘take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney’s time.’” Id. (quoting Fox, 563 U.S. at 838, 131 S.Ct. 2205). As the Supreme Court has warned, “trial courts need not, and indeed should not, become green-eyeshade accountants.” Fox, 563 U.S. at 838, 131 S.Ct. 2205.
Here, we find that the district court acted well within its broad discretion in making the appropriate reductions and reasonableness determinations. See id. (“We can hardly think of a sphere of judicial decisionmaking in which appellate micromanagement has less to recommend it.”). In sum, after a careful review of the record, we are satisfied that the district court acted well within its discretion in its award of fees and costs.
AFFIRMED.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5,4.