Patricia THOMAS, Bernadine Doss, Georgia Evans, and Rose Clark, Individually and on Behalf of All Others Similarly Situated, Plaintiffs-Appellees,

v.

CAPITAL SECURITY SERVICES, INC., Defendant-Appellant.

No. 86–4480

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 20, 1987.

M. Curtiss McKee, Jackson, Miss., for defendant-appellant.

Deborah A. McDonald, Mary Brown, Natchez, Miss., Willie L. Rose, McComb, Miss., plaintiffs-appellees.

Before CLARK, Chief Judge, GARWOOD and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

Capital Security Services, Inc., (Capital) appeals complaining that the district court erred in denying it attorney's fees as sanctions against the plaintiffs Patricia Thomas, Bernadine Doss, Georgia Evans, and Rose Clark, and their attorneys. For reason stated below, we affirm in part and vacate in part and remand.

## I.

This appeal springs from an employment discrimination action brought by the plaintiffs against their former employer Capital. The plaintiffs were all security officers for Capital when they were discharged from their positions in October 1983. Shortly after their discharges each plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). An EEOC investigation was begun in February 1984, and plaintiffs were issued a right-to-sue letter in August 1984.

On October 19, 1984, the plaintiffs filed suit alleging that Capital carried out a wide variety of racially- and sexually-motivated discriminatory practices in such areas as hirings, promotions, terminations, and on-the-job treatment. The plaintiffs also alleged a class action in favor of all similarly-situated black women who were, had been, or would be employed by Capital. The plaintiffs' actions were based upon alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and the Thirteenth Amendment.

Following initiation of the action, the plaintiffs attempted some limited discovery in regard to the putative class action. After receiving Capital's responses to interrogatories, the plaintiffs' counsels chose not to request a class certification and the case proceeded as a consolidated action by four plaintiffs. In January 1986 the district court granted in part Capital's motion for summary judgment. The district court dismissed plaintiffs' Thirteenth Amendment claims and limited the plaintiffs' Title VII and section 1981 claims to whether they had been terminated or treated differently during employment on the basis of race or sex.

After a three-day trial, the district court found for Capital on all grounds. While the plaintiffs' Title VII and section 1981 claims survived Capital's motion for directed verdict, the district court found that Capital had established a non-discriminatory reason, i.e., economic downturn, to support the discharge of each plaintiff. Final judgment was entered March 7, 1986. The plaintiffs appealed this judgment, but we affirmed the district court's decision in an unpublished opinion. *Thomas v. Capital Security Service*, 802 F.2d 453 (5th Cir. 1986) (mem.).

On April 7, 1986, after the plaintiffs had appealed the case-in-chief to this court, Capital requested an award of attorney's fees against the plaintiffs and their attorneys. Capital's motion was based upon Fed.R.Civ.P. 11, 28 U.S.C. § 1927, 42 U.S.C. § 1988, 42 U.S.C. § 2000e–5(k), and the inherent equitable powers of the district court. Capital asserted that an award was appropriate because the plaintiffs and their attorneys had expanded their judicial allegations far beyond the scope of their EEOC complaints, filed a class action but failed to later certify the class, withdrew from settlement negotiations, and added seven new witnesses to the court's pretrial order two weeks before trial; Capital also asserted that plaintiffs' attorneys prosecuted the action in a mistaken belief that they were required to act in only subjective good faith and presented irrelevant evidence at trial.

On June 10, 1986, the district court denied the motion. While denying the motion, the court noted that the situation presented a close question. Most of the court's discussion centered upon whether the plaintiffs and their attorneys had violated Fed.R.Civ.P. 11. The court noted that the broad or "shotgun" allegations contained in the plaintiffs' complaint appeared to evidence a lack of inquiry by the plaintiffs' attorneys into the law and supporting facts. The court, however, stated that it was reluctant to impose sanctions because of the unsettled nature of the law

in regard to the breadth of a judicial complaint based upon a narrower EEOC complaint. On July 8 Capital perfected an appeal to this court challenging the denial of its motion for attorneys fees.

## II.

■ Since federal courts are forums of limited jurisdiction, we first address, *sua sponte,* whether the district court had jurisdiction to consider the motion for attorney's fees/sanctions in light of the plaintiffs' prior appeal of the case-in-chief. As a general rule the effective filing of a notice of appeal transfers jurisdiction from the district court to the court of appeals with respect to all matters involved in the appeal. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58–59, 103 S.Ct. 400, 402, 74 L.Ed.2d 225, 228 (1982) (per curiam); *Newball v. Offshore Logistics Int'l,* 803 F.2d 821, 825 (5th Cir.1986). This general rule however is not absolute. *See generally* 9 *Moore's Federal Practice* ¶ 203.11 (1987). One well-recognized exception is that even though the judgment on the merits has been properly appealed and is pending in the courts of appeal, the district court retains jurisdiction to entertain and resolve a motion requesting attorney's fees or sanctions. The basis for this exception is that attorney's fees/sanctions are matters collateral to the merits of the action. *See West v. Keve,* 721 F.2d 91, 95 n. 5 (3d Cir.1983) (en banc); *Masalosalo v. Stonewall Insurance Co.,* 718 F.2d 955, 956 (9th Cir.1983); *Jones v. Illinois Dept. of Rehabilitation Services,* 689 F.2d 724, 731–32 (7th Cir.1982); *Rothenberg v. Security Management Co.,* 677 F.2d 64, 66 (11th Cir.1982); *Obin v. District No. 9,* 651 F.2d 574, 583–84 (8th Cir.1981); *Duane Smelser Roofing Co. v. Armm Consultants,* 609 F.Supp. 823, 824 (E.D.Mich. 1985); *cf. Jackson Marine Corp. v. Harvey Barge Repair, Inc.,* 794 F.2d 989, 991 (5th Cir.1986) (motion pursuant to rule 11 requesting attorney's fees is collateral to merits of claim). *See generally* Wright, Miller & Cooper, *Federal Practice & Procedure: Jurisdiction and Related Matters* § 3915, at 268–69 (Supp.1986).

■ Since Capital's motion requesting an award of attorney's fees came after the plaintiffs had appealed the district court's decision on the merits and the court's denial of the motion came while the plaintiff's appeal was pending before this court, the previously-mentioned exception applies. Therefore, the district court had jurisdiction to consider and rule on Capital's motion.

## III.

We turn now to whether the district court erred in not awarding Capital attorney's fees. Since the parties' arguments on appeal and the district court's decision focused primarily on whether violations of Fed.R.Civ.P. 11 occurred, we address this matter first.

### A.

Rule 11 provides, in part, that:

Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated.... The signature of an attorney ... constitutes a certificate by him that he has read the pleading, motion, or other paper, that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation....

We have recently discussed the requirements of rule 11 in *Robinson v. National Cash Register Co.,* 808 F.2d 1119 (5th Cir. 1987). We recognized that the 1983 amendments to rule 11 broadened the reach of the rule and were "intended to reduce the reluctance of courts to impose sanctions ... by emphasizing the responsibility of the attorney." *Id.* at 1127 (quoting Advisory Committee Note to Rule 11, 97 F.R.D. 165 (1983)). While emphasizing that

sanctions under the rule should not be cavalierly imposed so as "to chill an attorney's enthusiasm or creativity," we stated that rule 11 requires an attorney "to conduct himself in a manner consistent with the proper functioning of the judicial system." *Id.* at 1131.

Rule 11 compliance is measured generally by an objective standard of attorney performance. *See Id.* at 1127; *see also Southern Leasing Partners, Ltd. v. McMullan,* 801 F.2d 783, 789 (5th Cir.1986). Upon signing a pleading, motion, or other document, an attorney certifies that he has complied with the affirmative duties required by rule 11. These affirmative duties include (1) that the attorney has conducted a reasonable inquiry into the facts which support the document; (2) that the attorney has conducted a reasonable inquiry into the law such that the document embodies existing legal principles or a good faith argument "for the extension, modification, or reversal of existing law"; and (3) that the motion is not interposed for purposes of delay, harassment, or increasing costs of litigation. Rule 11 is violated if any of the above obligations are breached because each is an independent duty of a signing attorney. *Robinson,* 808 F.2d at 1129-31.

In deciding whether a reasonable inquiry into the facts has been made the circumstances of the particular case will of course control, but the district court may consider such factors as how much time for investigation was available to the signer; how much did the attorney have to rely upon his client for the factual support for the document; was pre-filing investigation feasible; did the signing attorney accept the case from another member of the bar or forwarding attorney; the complexity of the factual and legal issues in question; and the need for discovery to develop the factual circumstances underlying the claim. *See Lyle v. Charlie Brown Flying Club,*

*Inc.,* 112 F.R.D. 392, 400 (N.D.Ga.1986); *State of N.Y. v. Shore Realty Corp.,* 648 F.Supp. 255, 267-68 (S.D.N.Y.1986); Advisory Committee Notes to Rule 11, 97 F.R.D. at 199. In deciding whether a reasonable inquiry into the law has been made a district court may consider how much time the attorney had to prepare the document; whether the document contains a plausible view of the law; whether the document is filed by an attorney or a *pro se* litigant; and the complexity of the legal and factual issues in question. *See* Advisory Committee Notes to Rule 11, 97 F.R.D. at 199; *see also Robinson,* 808 F.2d at 1129 n. 18; *Lyle,* 112 F.R.D. at 400.[1]

Therefore, in light of *Robinson,* district courts within our circuit must evaluate a document, challenged as violating rule 11, for compliance with each of the three affirmative duties undertaken by the signing attorney(s).

Rule 11 sanctions may also be required if an attorney fails to meet his "continuing obligation to review and reevaluate [his] position as the case develops." *Id.* at 1127 (citing *Southern Leasing Partners,* 801 F.2d at 788). As we stated in *Robinson:*

> Thus a document that initially satisfies the requirements of rule 11 may later turn out to be the basis for rule 11 sanctions as new facts are discovered which show that there is no longer a[n] [objective] good faith basis for the document. Upon discovering that a good faith basis no longer exists, it is incumbent upon the appropriate counsel and party to take necessary actions to ensure that the proceedings do not continue without a reasonable basis in law and fact.

808 F.2d at 1127 (footnote omitted).[2]

The minimum requirements an attorney or party must take to fulfill the continuing obligation duty have not been set; they depend upon the facts of the

---

1. In listing the above factors to be considered in whether a reasonable inquiry into the facts or law has been made, we do not imply that any one factor should be determinative or that other facts not listed cannot be considered.

2. *But see Oliveri v. Thompson,* 803 F.2d 1265, 1274-75 (2d Cir.1986) (rule 11 does not impose a continuing obligation on the signing attorney).

particular case. We have stated that "[parties] are not required by Rule 11 or § 1927 to voluntarily dismiss their claims. It is enough that they do not oppose [another parties'] efforts to secure summary dismissal of the claims." *Jackson Marine,* 794 F.2d at 992. In *Southern Leasing Partners* we noted that "[w]hen a lawyer learns that an asserted position, even if originally supported by adequate inquiry, is no longer justifiable he must not persist in its prosecution." 801 F.2d at 789. But the duty may entail more than merely avoiding affirmative prosecution of a now baseless claim for in *Robinson* we noted that depending upon the facts a party may be required *to withdraw or dismiss a document. Robinson,* 808 F.2d at 1127 n. 17. Therefore, district courts within our circuit must also evaluate an attorney's continuing performance when an opponent submits a rule 11 motion based upon an alleged frivolous prosecution of a once proper but now untenable claim.

 In summary, district courts can no longer selectively impose sanctions when a violation of rule 11 is established. *Robinson,* 808 F.2d at 1130. Rule 11 and our recent interpretive caselaw now prevent a district court from overlooking or minimizing violations of the rule. *Accord* Nelken, *Sanctions Under Amended Federal Rule 11—Some "Chilling Problems in the Struggle Between Compensation and Punishment,* 74 Geo.L.J. 1313, 1321–22 (1986). Thus under our current practice there are no "free passes." A district court must therefore in each instance where rule 11 sanctions are requested make findings of fact and conclusions of law on each requirement of rule 11, namely:

(1) whether reasonable inquiry into the facts was made;

(2) whether reasonable inquiry into the law was made;

(3) whether the action was taken to harass, delay or increase unnecessarily costs of litigation; and

(4) whether an attorney has met his continuing obligation to reevaluate his litigation position.

In resolving a motion requesting rule 11 sanctions the district court should rely on the record as much as possible. *See* Fed.R. Civ.P. 11 Advisory Committee Note ("the court must *to the extent possible* limit the scope of sanction proceedings to the record). We recognize, however, as did the drafters of the rule, that the complexity of rule 11 and its frequent utilization may require independent proceedings when necessary to develop the record and resolve the motion.

### B.

 Finally, we note our standard of review for rule 11 decisions. The question of whether rule 11 sanctions should be imposed is now a legal question because the rule's language is mandatory—if a violation occurs, sanctions must be imposed. *Robinson,* 808 F.2d at 1126 & n. 12, 1130. While imposition of sanctions is a legal question, the rule provides that the amount or type of sanction imposed is within the district court's discretion. *Id.* at 1126 & n. 13. Accordingly, our standard of review is as follows:

> Findings of fact used by the district court to determine that rule 11 has been violated are reviewed under the clearly erroneous standard. The legal conclusion of the district court that a particular set of facts constitutes a violation of rule 11 is reviewed *de novo.* The amount or type of sanction imposed is examined under an abuse of discretion standard.

*Id.* at 1126 (citations omitted).

### C.

With the above in mind, we turn to the district court's order denying Capital's request for rule 11 sanctions. For the reasons set out below, we vacate the district court's decision on a rule 11 violation and remand for consideration in light of *Robinson* and this opinion.

Since *Robinson* was only recently published, it is understandable that the district court in its order denying Capital attorney's fees did not make detailed findings of fact and conclusions of law on each component of rule 11 as now required. After

reviewing the order however we are of the opinion that the district court may have believed a rule 11 violation had occurred but chose not to impose sanctions. As we have mentioned earlier that option is no longer available. In any event, the court must now make specific findings and conclusions on rule 11 violations.

■ We agree with the district court that this case presents a "close" or "border-line" question, but even so we cannot definitely decide the matter. The court's references to "shotgun allegations" in plaintiffs' complaint certainly raise the possibility of rule 11 violations. *See Southern Leasing Partners*, 801 F.2d at 788 (quoting *Rodgers v. Lincoln Towing Service, Inc.*, 596 F.Supp. 13, 27 (N.D.Ill.1984), *aff'd*, 771 F.2d 194 (7th Cir.1985)). The court also stated that it was "not totally convinced that a reasonable prefiling inquiry as to the specific facts and the law was made by the attorneys for plaintiffs in the instant case." In light of the court's later admonition that plaintiff's attorneys (and others practicing in the court's district) had better familiarize themselves with the requirements of rule 11, we are reluctant to take the court's somewhat ambiguous language as a finding and conclusion that a reasonable inquiry into the facts and law was made. Rule 11 decisions must now be supported by specific findings of facts and conclusions of law. The findings of fact are particularly crucial since they serve as the foundation for our *de novo* review of whether rule 11's provisions have been violated.

■ In this case Capital requested rule 11 sanctions alleging that the plaintiffs' counsels failed to make a reasonable inquiry into either the facts or the law before filing the instant complaint and that the action was brought and litigated in bad faith. The grounds supporting Capital's allegations were the expansion of the judi-

cial complaint beyond the EEOC complaint and the assertion of a class action which was never certified. Hence, Capital's allegations raise questions as to both whether plaintiffs' original complaint violates rule 11 and whether plaintiffs' attorneys fulfilled their continuing obligation to reevaluate and reconsider their litigation position. Therefore on remand, the district court must make findings and conclusions on all four requirements of rule 11.

### IV.

■ The district court also denied Capital attorney's fees under 28 U.S.C. § 1927 and 42 U.S.C. 2000e–5(k).[3] The decision to award attorney's fees under either section 1927 or section 2000e–5(k) is committed to the district court's discretion and that decision will be reversed only for an abuse of discretion. *See In re Hunt*, 754 F.2d 1290 (5th Cir.1985) (§ 1927); *Equal Employment Opportunity Commission v. Tarrant Distribution, Inc.*, 750 F.2d 1249, 1251 (5th Cir.1984) (§ 2000e–5(k). Based upon our review of the record in this case we discern no indication that the district court abused its discretion in denying Capital attorney's fees under either statutory provision. As the Supreme Court has noted attorney's fees against an unsuccessful civil rights litigant are not to be lightly awarded. *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421–22, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). The district court's denial of attorney's fees under sections 1927 or 2000e–5(k) is not erroneous.

### V.

For the above reasons we vacate the district court's order denying rule 11 attorney's fees/sanctions and remand for further proceedings consistent herewith; and we affirm the district court's order denying

**3.** Capital argues on appeal that it should receive attorney's fees under 42 U.S.C. § 1988. The district court however did not address this statutory basis for attorney's fees. We therefore express no opinion as to the propriety of such an award. We assume the district court will address this claim on remand should Capital

again urge it to do so. *See Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *Uviedo v. Stevens Sash & Door Co.*, 753 F.2d 369, 373 (5th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 791, 88 L.Ed.2d 769 (1986).

attorney's fees under 28 U.S.C. § 1927 and 42 U.S.C. § 2000e–5(k).

AFFIRMED IN PART, VACATED IN PART and REMANDED.