In re INTERAMERICA
MINERALS, INC., Debtor.

Joe COLVIN, Trustee, Plaintiff,

v.

K.W. WELL SERVICE, INC.,
Defendant.

Bankruptcy No. 485–40731.

Adv. No. 486–4180.

United States Bankruptcy Court,
N.D. Texas,
Fort Worth Division.

Oct. 7, 1987.

Brian S. Book, Dallas, Tex., for plaintiff.

Brian Ellis Cutbirth, Abilene, Tex., for defendant.

## MEMORANDUM OPINION

MASSIE TILLMAN, Bankruptcy Judge.

This is a Rule 11 sanctions case.

On September 21, 1987 this Court heard a Motion to Vacate Judgment, for Rehearing, and for Stay of any Proceedings to Enforce Judgment in the case of *Joe Colvin, Trustee v. K.W. Well Service, Inc.* The chronological events of this adversary proceeding are as follows:

On June 2, 1986 Joe Colvin, Trustee, through his attorney, Brian Book, filed a Complaint to Recover Preference against the Defendant, K.W. Well Service, Inc.

On July 11, 1986 the Defendant served the Plaintiff a Request for Production of Documents, Interrogatories, and a Request for Admissions.

K.W. Well Service, Inc. filed a Motion for Summary Judgment on December 9, 1986 since the Plaintiff had not responded to the Request for Production of Documents, Written Interrogatories, or Request for Admissions.

On January 12, 1987 the Plaintiff incompletely answered the Request for Admissions and Interrogatories which were 127 days late.

Judge Steen granted a conditional Summary Judgment on February 20, 1987, and he ruled that the deemed admissions could be avoided by the Plaintiff filing additional and/or supplementary responses to the Defendant's Request for Admissions by March 15, 1987 and by the Plaintiff paying the Defendant $750.00 as the cost of bringing the motion. Judge Steen found that Rule 9011 had been violated because the Plaintiff had made no investigation in filing the preference action other than filing suit against every recipient of a transfer of

$10,000.00 or more, and due to this violation, sanctions against the Trustee and the attorney for the Trustee should be imposed.

On March 3, 1987 the Plaintiff filed a Motion for Rehearing.

Supplemental Answers to the Request for Admissions were filed on March 15, 1987.

On June 3, 1987 the Plaintiff produced discovery documents which were over 260 days late.

On July 31, 1987 Judge Tillman denied the Plaintiff's Motion for Rehearing. Judge Tillman also found that Rule 9011 had been violated. Attorney fees and expenses in the amount of $11,818.01, rather than the amount of $12,779.91 as requested, were awarded to the Defendant's attorney against the Trustee and his attorney jointly and severally.

On August 10, 1987 the Plaintiff filed this motion. When the motion was heard, a full evidentiary hearing was conducted to evaluate Mr. Book's and Mr. Colvin's conduct on the question of sanctions which were requested in this case.

Rule 11 sanctions is a topic of great emotional voltage. There are two relevant and recent Fifth Circuit opinions on this question: *Robinson v. National Cash Register Company*, 808 F.2d 1119 (5th Cir. February 4, 1987) and *Thomas v. Capital Security Services, Inc.*, 812 F.2d 984 (5th Cir. March 20, 1987). The *Thomas* case sets forth four elements to consider in determining whether or not there has been a violation of Rule 11. These elements are:

(1) Whether reasonable inquiry into the facts was made;

(2) Whether reasonable inquiry into the law was made;

(3) Whether the action was taken to harass, delay or increase unnecessarily cost of litigation; and

(4) Whether an attorney has met his continuing obligation to re-evaluate his litigation position.

*Thomas, supra,* at p. 989.

■ Sanctions can no longer be selectively imposed when a violation of Rule 11 is established. The Rule's language is mandatory; therefore, if a violation occurs, sanctions must be imposed. *Thomas, supra,* at p. 989. The purpose of the revised version of Rule 11 is to place a more stringent duty on the attorneys. *Robinson, supra,* at p. 1127. An attorney's good faith will not protect him, and a greater range of circumstances will trigger its violation. See the Advisory Committee Note to Rule 11, 97 F.R.D. 165, 198–199.

■ In this action, Mr. Book, the attorney for the Trustee, committed several discovery abuses. The Interrogatories and Request for Admissions were answered 127 days late, and the discovery documents were produced 260 days late. Without question there are minimum standards which must be met by a practitioner in this or any other Court. Mr. Book's actions and non-actions did not meet those minimum standards in this case.

Mr. Book failed to keep his client, Joe Colvin, fully informed. Mr. Colvin was not timely furnished a copy of Judge Steen's Order, and he was not made aware of the $750.00 sanction, nor the deadline for making that payment which were provided for in the Order. Mr. Book did not furnish his client a copy of Judge Ford's Order of February 26, 1987 which granted a Motion for New Hearing. Also, Mr. Book did not furnish Mr. Colvin with copies of correspondence from the Defendant concerning discovery documents. Joe Colvin is an attorney; however, he was involved in this case as a Trustee and not as an attorney. Mr. Book was not only required to keep his client fully informed, but Mr. Colvin was entitled to rely and assume that he was being kept fully informed. It was obvious at this full evidentiary hearing that this reliance and assumption were not well founded because of his attorney's inattentions.

While this Court does not wish to "assume the role of a policeman, teacher, or moral guardian," (cf: William W. Schwarzer, *Sanctions Under The New Federal Rule 11—A Closer Look*, 104 F.R.D. 181 at 183) there should be no reluctance on the part of a Trial Judge to assume such a role

when necessary to correct abuses of the discovery process and inequities resulting therefrom. This Court, therefore, holds that Mr. Book violated the third and fourth elements set forth in *Thomas, supra.*

Under the Fifth Circuit opinions of *Thomas* and *Robinson,* the actions, detailed above, require the following holdings by this Court:

(1) Judge Steen's Reason for Judgment of February 13, 1987 is set aside.

(2) This Court's Findings of Fact and Conclusions of Law of July 31, 1987 are set aside, and those Findings are substituted by this Memorandum Opinion.

(3) In addition to the attorney fees and expenses previously awarded to Mr. Brian Cutbirth, attorney for the Defendant, in the amount of $11,818.01, he is awarded $1,500.00, rather than $3,000.00 as requested, to cover attorney fees and expenses incurred in preparing for and attending the instant hearing.

(4) The attorney fees and expenses awarded to Mr. Cutbirth are assessed against Mr. Book, individually.

A Judgment will be entered accordingly pursuant to this Memorandum Opinion.