Richard S. MELROSE, individually and as General Partner of Phone Bat–Tery, Ltd., an Illinois limited partnership, Plaintiff,

v.

SHEARSON/AMERICAN EXPRESS, INC., a Delaware corporation, A. Loretta Asta and Edward S. Alba, Defendants.

No. 83 C 1469.

United States District Court, N.D. Illinois, E.D.

April 28, 1988.

Amended June 2, 1988.

Cornelius F. Riordan, John H. Wickert, Vincent D. Pinelli, Anne E. Levinson, Burke and Smith Chartered, Chicago, Ill., for plaintiff.

David M. Stahl, Sidley & Austin, Chicago, Ill., Philippe M. Salomon, Barbara Hink, Willkie Farr & Gallagher, New York City, for defendant Shearson/American Exp., Inc.

## AMENDED MEMORANDUM OPINION

WILL, District Judge.

On June 12, 1987, defendant Shearson Lehman Brothers Inc., formerly Shearson Lehman/American Express Inc., the successor to Shearson/American Express Inc. ("Shearson"), filed a motion for summary judgment, pursuant to Fed.R.Civ.P. 56(c), seeking dismissal of the seven remaining Counts of the Amended Complaint of plaintiffs Richard S. Melrose and Phone Bat-Tery, Ltd. and summary judgment in favor of Shearson on six of its counterclaims. On October 2, 1987, this action was transferred to our docket from that of Judge Bernard M. Decker who had, among other things, granted Shearson leave to file a brief, in support of its motion, in excess of 15 pages.

During a status hearing in court on October 8, 1987, we noted that it seemed unlikely, based simply on the length of Shearson's moving brief, 111 pages plus 1429 pages of appendices, that there were no material issues of fact in dispute. We pointed out that any such disputed facts would foreclose summary judgment. We also stated that a motion for summary judgment is not an appropriate method to educate the court. Accordingly, we gave Shearson an opportunity to withdraw its motion. Shearson declined.

On November 19, 1987, the plaintiffs moved to file their response in excess of 15 pages. It was 102 pages plus 331 pages of appendices. We granted their motion, largely on the basis that Shearson's motion, brief and appendices were responsible for such a lengthy response. On December 7, 1987, Shearson moved to file a 30 page reply brief and we warned counsel again that, if there were disputed facts, the summary judgment motion was inappropriate. Counsel for Shearson assured us that its motion, moving brief and reply were all well founded, reasonable and necessary.

On February 4, 1988, we entered a Memorandum Opinion granting Shearson's motion for summary judgment as to Count VII and denying it as to Counts IV, V, VI, VIII, IX and X and as to Counterclaims 1, 3, 4, 6, and 7. Counterclaim 5 was dismissed.[1] We also concluded that the imposition of sanctions against Shearson under Fed.R.Civ.P. 11 was appropriate and invited the plaintiffs' counsel to file a fully supported statement of the hours and fees involved in responding to Shearson's motion, so that we could determine an appropriate sanction.

On February 19, 1988, Shearson filed a motion asking that we reconsider that portion of our Memorandum Opinion holding that we would impose sanctions. On February 25, 1988, the plaintiffs filed a motion for sanctions against Shearson, specifically requesting $86,842.15 in fees and expenses. The motion was subsequently fully briefed by both parties. This Memorandum Opinion relates to Shearson's motion for reconsideration and the plaintiffs' motion for sanctions. Based on the reasons set forth below, Shearson's motion for reconsideration is denied and the plaintiffs' motion is granted in part. We find that sanctions against Shearson are appropriate under Rule 11 and, for the reasons stated below, we impose $37,212.15 in sanctions against Shearson's attorneys.

### Rule 11

Fed.R.Civ.P. 11 provides the following, in relevant part:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record.... The signature of an

---

1. The first page of our Memorandum Opinion, dated February 4, 1988, and the minute order which was simultaneously entered erroneously state that Shearson's motion with respect to Counterclaims 1, 3, 4, *5* and 7 is denied; and Counterclaim 5 is dismissed. Shearson's motion with respect to Counterclaims 1, 3, 4, *6* and 7 was denied; and Counterclaim 5 was dismissed. On April 21, 1988 we entered a minute order correcting the previous minute order and page one of our Memorandum Opinion.

attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expense incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Under Rule 11, we must make "an objective determination of whether [Shearson's] conduct was reasonable under the circumstances." *Brown v. Federation of State Medical Boards of U.S.*, 830 F.2d 1429, 1435 (7th Cir.1987) (the 1983 amendments to Rule 11 replaced the good-faith standard with an objective test in order to encourage courts to impose sanctions under Rule 11 in more circumstances.). Conduct is unreasonable if it is "frivolous," because an attorney did not make a "reasonable inquiry into the facts" or "the law" of the case, or "improper," because it is designed to delay, harass or increase the cost of litigation. *Id.* at 1435–36; Fed.R. Civ.P. 11. We must however, avoid imposing sanctions which would "chill an attorney's enthusiasm or creativity in pursuing factual or legal theories...." *Marco Holding Co. v. Lear Siegler, Inc.*, 606 F.Supp. 204, 211 (N.D.Ill.1985).

If Shearson's conduct violated Rule 11, we "must impose a sanction." *Brown*, 830 F.2d at 1433. We have discretion in terms of both the nature and degree of sanction imposed, *Thomas v. Capital Security services, Inc.*, 812 F.2d 984, 989 (5th Cir.1987), although we must select "'the least severe sanction'" necessary. *Brown*, 830 F.2d at 1437 (citations omitted). Finally, this Circuit has directed district courts to "state with some specificity the reasons for the imposition of a sanction, and the manner. in which the sanction was computed." *Id.* at 1438.

*Background*

The facts of this case and our analysis of Shearson's motion for summary judgment will not be repeated here as they are fully recited in our Memorandum Opinion dated February 4, 1988 which spells out in detail the many disputed material facts, frivolous legal contentions, etc. For the purpose of the parties' pending motions, however, we will quote portions of our previous conclusion.

As is apparent from the foregoing 37 pages of opinion, Shearson's motion for summary judgment on the counts not previously dismissed by Judge Decker as well as on its various counterclaims are, with one exception, baseless. In support of its baseless motion, Shearson submitted a moving brief of 111 pages plus appendices of 1429 pages and a reply brief of 30 pages. The plaintiffs responded with an answering brief of 102 pages plus appendices of 331 pages.

We warned Shearson's counsel that if, as seemed inevitable, there were numerous issues of material facts which would foreclose summary judgment we would invoke Rule 11 of the Federal Rules of Civil Procedure and apply appropriate sanctions. Notwithstanding, counsel persisted in imposing on plaintiffs' counsel and the court 141 pages of specious arguments that there were no disputed material facts as well as incongruous or incredible legal contentions. Freedom of advocacy does not warrant such impositions.

In addition, Shearson's counsel did not submit with its motion for summary judgment a statement of uncontested material facts as required under Local Rule 12(e). We did not deny Shearson's motion on this basis because a statement

of facts with citations to supporting documents was provided in its moving brief. If Shearson had complied with Local Rule 12(e), it may have realized the weaknesses inherent in its arguments. Moreover, by not complying with Local Rule 12(e), Shearson imposed an additional burden on plaintiffs' counsel and the court.

Memorandum Opinion, February 4, 1988, at 37–38.

### Shearson's Motion for Reconsideration

Shearson claims that sanctions under Rule 11 are not appropriate because: (1) their conduct was reasonable; (2) we granted their motion in part (we dismissed Count VII); (3) Judge Decker granted their motion to file a brief in excess of 15 pages and we granted their motion to file a reply brief in excess of 15 pages; and (4) while a 12(e) statement was not filed, Shearson submitted a factual statement in its moving brief with citations to deposition testimony and other submissions.

As detailed in our previous Memorandum Opinion, Shearson's conduct was unreasonable in that it was both frivolous and improper. The central factual dispute is whether one of Shearson's employees, defendant A. Loretta Asta, acted with apparent authority on behalf of Shearson when she conducted transactions with the plaintiffs. Providing the court and the plaintiffs' counsel with 141 pages of facts and arguments plus 1429 pages of appendices on this issue was overwhelming. In addition, the fact that Shearson did not file a separate statement of uncontested facts, as required under Local Rule 12(e), made it unreasonably difficult for the court and the plaintiffs to respond.

Shearson's specious arguments included the following: (1) the plaintiffs did not suffer damages from Shearson's conduct because the plaintiffs are currently in possession of $1 million which allegedly belongs to Shearson; (2) the doctrine of *in pari delicto* bars the plaintiffs from any recovery because their conduct was more culpable than Shearson's *as a matter of law;* (3) Melrose misled Shearson, although

Shearson allegedly had no relationship with Melrose. Our evaluations of these frivolous assertions involving many disputed facts are in our February 4, 1988 Memorandum Opinion and will not be repeated here.

In addition, Shearson sought summary judgment in its favor on Counterclaim 5, conversion, even though its conversion claim against the American National Bank and Trust Company of Chicago, based on the same set of facts as in this case, had been dismissed in another case. *Shearson/American Express v. American National Bank,* No. 83 C 555 (August 13, 1983, N.D.Ill.). Shearson also contended in its reply brief, for the first time, that the wire transfer of funds at issue in its conversion claim, a state claim, is governed by federal law.

Finally, Shearson did not acknowledge that Judge Decker had previously denied the plaintiffs' motion for summary judgment on Counterclaim 6 on the ground that there were disputed material facts, and, nevertheless, moved for summary judgment in its favor on Counterclaim 6. In its response to the plaintiffs' motion for sanctions, Shearson's counsel, for the first time, urges that the facts before Judge Decker were not as complete as those presented to this court. That does not, however, excuse Shearson's action since, as out earlier opinion demonstrates, there remain many contested material facts.

■ Although we granted Shearson's motion to dismiss Count VII, this does not alter the fact that Shearson's conduct was unreasonable. Count VII, the only claim for punitive damages, constituted a minor portion of the plaintiffs' amended complaint and necessarily involved a minor portion of Shearson's motion and the plaintiffs' response to it. "Rule 11 applies to all statements in papers it covers. Each claim must have sufficient support; each must be investigated and researched before filing." *Frantz v. U.S. Powerlifting Federation,* 836 F.2d 1063, 1067 (7th Cir.1987). Shearson could and should have moved for partial summary judgment on Count VII under Fed.R.Civ.P. 56(a). Finally, our determination of an appropriate sanction, de-

**674**

tailed below, considers the fact that Shearson's motion, with respect to Count VII alone, did not violate Rule 11.

■ When Shearson presented motions for leave to file oversized briefs, with respect to both its moving brief and reply brief, Judge Decker and we were not yet aware of the unreasonableness of Shearson's motion for summary judgment, although we proffered an educated guess that, given the length of the moving brief and appendices, summary judgment was highly unlikely. That turned out to be correct. It was not possible for us to review the merits of Shearson's motion and briefs before accepting their motions to file them. We did, however, inquire as to the merits of their motion and, as noted, warned counsel several times that it seemed likely genuine issues of fact were in dispute which would preclude summary judgment.

As it turned out, genuine issues of fact exist and Shearson's motion, with the exception of Count VII, was denied, and Counterclaim 5 was dismissed. In addition, as noted above, various legal arguments put forth by Shearson were specious, incongruous and incredible. We did not possess foresight enough to know that this definitely was the case, although we suspected it. Shearson can not now defend its unreasonable conduct on the fact that Judge Decker and we should have denied their motions to file their oversized briefs.

■ Shearson's local (Chicago) counsel claims that he does not recall any warning that Rule 11 would be invoked and, accordingly, did not relay this information to Shearson or its New York counsel. Whether or not any such specific warning was given is irrelevant, for we made it abundantly clear on several occasions that we suspected the summary judgment motion was frivolous. In any event, sanctions under Rule 11 may be imposed *sua sponte*. Specific warning is not necessary. Rule 11 speaks for itself. Accordingly, we instructed the plaintiffs to submit a statement of hours and fees for use in our determination of an appropriate sanction.

Finally, Shearson argues that Rule 11 sanctions are not appropriate because its moving brief effectively contained a Local 12(e) statement of undisputed facts entitling it to summary judgment. Shearson's brief did contain citations to deposition testimony and other submissions. It was for this reason that we chose not to deny Shearson's motion simply on the basis that it had not properly complied with Local Rule 12(e).

■ If Shearson had complied with Local Rule 12(e), however, it might have realized the inherent fallacies in its motion and perhaps decided not to file it. In addition, however, by not complying with Local Rule 12(e), Shearson imposed an additional burden on the plaintiffs' counsel and the court. This fact is not determinative in our decision to impose sanctions; were this the only conduct at issue we would not invoke Rule 11. It is proper, however, to consider this fact, along with Shearson's other conduct, in determining an appropriate sanction.

We find that Shearson's counsels' conduct was unreasonable in that it was both frivolous and improper. A reasonable inquiry was not made into the facts or law of this case and other controlling and companion cases, and Shearson's motion substantially delayed the progress of this case, harassed the plaintiffs and increased the costs to the plaintiffs, the court and the judicial system. Accordingly, Shearson's motion for reconsideration is denied and we must now determine an appropriate sanction.

*Sanction Imposed*

■ We must keep the purposes of Rule 11 in mind in determining what sanction is appropriate. These purposes primarily include compensation and deterrence. *Brown,* 830 F.2d at 1437–38; *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1077 (7th Cir.1987). Compensation will be served when we compute an award based, for example, on the value of services rendered by opposing counsel to defend against any unreasonable conduct. Deterrence will be served when we com-

pute an award based, for example, on the type of conduct involved and the "sanctioned attorney's (or party's) assets." *Brown*, 830 F.2d at 1439 (citations omitted). It is also proper to consider the burden placed upon the court and injuries to "other litigants, whose day in court is postponed as judges must devote time to needless motions and heedless litigants." *Frantz*, 836 F.2d at 1066.

The plaintiffs allege that the following attorneys worked on their response to Shearson's motion for summary judgment at the following rates of compensation:

| Attorney | Pre 10/15/87 Rate | Hours | Post 10/15/87 Rate | Hours |
|---|---|---|---|---|
| Riordan | $150.00/hour | 28.00 | $175.00/hour | 127.00 |
| Owens | $125.00/hour | 7.00 | $135.00/hour | — |
| Wickert 2 | $125.00/hour | 100.75 | $135.00/hour | 112.50 |
| Levinson | — | 3.00 | $125.00/hour | 109.70 |
| Pinelli | — | — | $175.00/hour | 110.25 |
| Paralegals | $ 40.00/hour | — | $ 45.00/hour | 7.00 |
| TOTAL HOURS: | 605.20 | | TOTAL COST: $85,947.50 | |

Each day of work performed for each attorney or paralegal is listed in the plaintiffs' appendix, along with a brief description of the subject matter addressed for that day.

In addition, the plaintiffs submitted receipts and claims for other costs totalling $894.65 which are labeled as follows: Xerox (12/22/87, $5.50); Xerox (12/22/87, $45.00); Federal Express (1/20/88, $33.00); Federal Express (1/20/88, $20.25); Copy Service (1/20/88, $790.90). The dates corresponding to these claims are those on which payment was made. All services were utilized by the plaintiffs prior to filing their response.

Shearson does not claim that the hourly rates for any of the plaintiffs' attorneys or paralegals are excessive or unreasonable. Without the benefit of any rebuttal evidence, we can not say that these rates are excessive or unreasonable. In addition, our experience with respect to other local attorneys supports this conclusion.

However, with respect to Pinelli, he performed 5.25 hours of work on October 15, 1987, the day before rates changed. His hours, however, are only listed at the post-October 15, 1987 rate. Because Riordan's rates changed from $150 per hour to $175 per hour after October 15, 1987 and Riordan supervised the plaintiffs' efforts, we will calculate Pinelli's rates at $150 per hour on October 15, 1987.

Shearson argues that, if we decide to impose sanctions, the plaintiffs' petition for sanctions is excessive and includes fees for services which are unrelated to their response to Shearson's motion. Specifically, Shearson claims that fees requested include efforts by virtually all of the plaintiffs' counsel to educate themselves regarding the law and facts of the case because they did not participate in the discovery phase.

Shearson cites the following examples to illustrate its claim: (1) 35 hours are listed to review Shearson's motion, such review is exclusive of research and analysis and these hours include those attributable to an attorney who left the plaintiffs' firm shortly after Shearson's motion was filed and only participated in a conference; (2) fees are requested for over 15 hours devoted to research and drafting a response regarding the legal standard for summary judgment motions; (3) 80 hours are claimed to draft the factual statement in the plaintiffs' response; (4) fees are sought for duplication and education regarding transcripts from companion litigation, *Shearson American Express Inc. v. American National Bank & Trust Company of Chicago;* and (5) the plaintiffs seek almost $400 for conferences with lawyers who are not listed among those working on their motion. Although Shearson makes the general claim that the plaintiffs' fee request is excessive, these five examples are the only specific allega-

**2.** The plaintiffs' appendix, which details the work performed by each attorney in response to Shearson's motion, notes that on 10/27/87, John H. Wickert (JHW) "PREPARED FACTUAL SUMMARY". This notation, however, excludes the time worked, rate per/hour and total cost. The total cost for that page of the plaintiffs' appendix on which this entry is listed equals the sum of those other entries on the page. All of the other entries listed include the employees' time worked, rate per/hour and total cost. Thus, we can not determine, based on the other figures listed, what time was allegedly expended by JHW on 10/27/87. Accordingly, we can not consider this alleged work for purposes of determining an appropriate sanction.

tions made by Shearson to rebut the plaintiffs' petition for fees.

■ Shearson's moving brief was 111 pages long plus 1429 pages of appendices. The hours expended reviewing Shearson's motion are attributed to attorneys Riordan (12 hours), Owens (4 hours), Wickert (22.5 hours), Pinelli (5.25 hours). Thus, we find that 41.75 hours are attributed to this work, not 35 as Shearson calculated. The plaintiffs' petition for work related to simply reviewing this material, without engaging in outside research, is, in total, excessive.

■ Riordan supervised the plaintiffs' response and 12 hours of reviewing Shearson's motion is not unreasonable. If anything it may be conservative. However, a portion of his review was devoted to Count VII. Accordingly, we award the plaintiffs compensation for 10 hours ($1500).

■ Owens is listed as working a total of 7 hours. One hour is attributed to a conference with attorneys Riordan and Wickert, three hours are attributed to reviewing Shearson's motion and three hours are attributed to reviewing the file. Because attorney Owens ceased working on the plaintiffs' response by June 9, 1987, none of the six hours of reviewing he did alone actually benefitted the plaintiffs in their response. The only time he worked which could arguably be attributed to the plaintiffs' response is the one hour meeting he had with Riordan and Wickert. The plaintiffs claim for this conference is limited to Owens' fee; no fee is attributed to Riordan or Wickert. Accordingly, we find that the plaintiffs are entitled to one hour of compensation for this conference at Owens' rate ($125.00).

Wickert spent 6.5 hours studying Shearson's moving brief and 16 hours reviewing the appendix to their brief. This is understandable given the size of Shearson's papers and the fact that Wickert was responsible for logging the most hours of any plaintiffs' attorney, 213.25 hours. He drafted much of the plaintiffs' response. However, Wickert's review of the appendix is excessive. In addition, a portion of his

total review was devoted to Count VII. Accordingly, we award the plaintiffs compensation for Wickert's hours as follows: 6 hours reviewing the brief ($750) and 8 hours reviewing the appendix ($1,000).

Pinelli spent 5.25 hours during one day to review the pleadings and Shearson's motion. This time is also listed as having been spent to prepare a response to fraud related and securities law issues. We find this work reasonable in light of the fact that it is brief and related to Pinelli's subsequent work on the plaintiffs' response. Accordingly, the plaintiffs are awarded compensation for Pinelli's 5.25 hours ($787.50).

■ Shearson objects to the fees requested for research and drafting a response regarding the legal standard for summary judgment motions. The hours inclusive of this work are as follows: Levinson (12.25 hours research; 7.75 hours drafting) and Riordan (3.0 hours research; 8.50 hours drafting). Levinson's hours devoted to research include 10.25 hours which are also attributed to work on other issues. All of those hours attributed to her drafting of the standard for summary judgment are also attributed to drafting other sections of the plaintiffs' response. We estimate that the total hours devoted to research and writing with respect to the standard for summary judgment are as follows: Levinson (6 hours research; 2.25 hours drafting), Riordan (3 hours research; 8.50 hours drafting).

Shearson's moving brief contained three pages devoted to the legal standard for summary judgment in which 6 cases are cited. The plaintiffs' response contained less than six pages devoted to the standard in which 11 additional cases are cited. In addition, summary judgment motions are commonplace. Although the Supreme Court has recently spoken on this issue, the research required was moderate. We find that those hours claimed for research are excessive and we award 2 hours for Levinson (1 hour at $125/hour; 1 hour at $135/hour = $260) and 1.5 for Riordan ($262.50). As for drafting, we also find that those hours claimed are excessive and

we award 1.5 hours for Levinson ($202.50) and 2 hours for Riordan ($350).

Shearson claims that 80 hours to draft a 22.5 page factual statement and 3.5 page Local Rule 12(f) statement is excessive. We agree, although we realize that because Shearson failed to technically comply with Local Rule 12(e), the plaintiffs had a much more difficult time drafting their factual statement. The plaintiffs' claim that the following hours were expended drafting their factual statement: Wickert (38 hours), Riordan (49.75 hours) and Levinson (7.25 hours). Levinson's hours were also devoted to drafting other sections of the plaintiffs' response and we estimate that 2.0 of her hours were devoted solely to the factual statement. 9 of Riordan's hours were devoted to drafting the 12(f) statement and other sections of the brief and we estimate that only 3.0 of his hours were devoted solely to the 12(f) statement. In light of a reasonable effort needed to draft their factual statement we award the plaintiffs fees for this work based on the following: Wickert (5 hours at $125/hour and 10 hours at $135/hour = $1975); Riordan (16 hours at $175/hour = $2800); and Levinson (2 hours = $250).

■ Shearson objects to the plaintiffs' request for fees for duplication and education expenses regarding companion litigation, *Shearson American Express Inc. v. American National Bank & Trust Company of Chicago.* We dismissed Counterclaim 5 in part based on the dismissal of Shearson's conversion claim in this case. However, our conclusion was based on the limited holding in that case, not deposition testimony. The plaintiffs attribute 13 hours to Wickert for reading depositions from that case. In light of the fact that review of that case was relevant and ultimately successful in dismissing Counterclaim 5 in this case but such deposition testimony was only marginally useful, we award the plaintiffs fees for 3 hours by Wickert ($475).

Finally, Shearson claims that the plaintiffs seek almost $400 for conferences with lawyers who are not listed among those working on their motion. The plaintiffs do not seek compensation for such attorneys (Smith and Burke) but only for those who participated in the conferences and also worked on the case. The hours attributed for such attorneys are as follows: Owens (1 hour), Riordan (1 hour) and Wickert (.75 hour). These hours are not for the same conferences. The time for Owens has been resolved above. We find the fees requested reasonable and, accordingly, award the plaintiffs the fees requested: Riordan ($150.00) and Wickert ($93.75).

■ We have completed our review of Shearson's five specific objections and now review other issues on our own initiative. The plaintiffs request fees for 3 hours of phone calls by Riordan. 1.75 hours relate to discovery requests. This is thus not directed solely at responding to Shearson's motion and we award fees for 1.25 hours of telephone calls ($187.50).

■ The plaintiffs seek fees for reading depositions (exclusive of those related to the companion case) and selecting depositions and exhibits for their response as follows: Wickert (34.25 hours), Riordan (4 hours). We have already reviewed the plaintiffs' request for fees related to reviewing the facts of this case and reading depositions is also done to review facts. We do note, however, that deposition testimony was extensive and Shearson included much of it in its motion. In light of these facts, we award the following fees for this work: Wickert (5 hours at $125/hour = $625; 5 hours at $135/hour = $675) and Riordan (2 hours at $150/hour = $300).

The plaintiffs seek fees for other conferences among attorneys and the plaintiffs working on their response as follows: Riordan (1.5 hours), Levinson (4.0 hours), Pinelli (4.25 hours). Levinson's and Pinelli's hours include time devoted to other issues and we estimate their total time devoted to conferences was Levinson (3.0 hours) and Pinelli (2.0 hours). Given the nature of Shearson's motion and the fact that several attorneys necessarily worked on the plaintiffs' response, these fees are reasonable and we award them as follows: Riordan ($225), Levinson ($250) and Pinelli ($350).

■ The plaintiffs request fees for legal research on the issue of apparent authority as follows: Wickert (9.25 hours), Levinson (8.95 hours), Riordan (10 hours). Riordan's hours were also devoted to other issues and we estimate that 5 hours were devoted solely to apparent authority. Although apparent authority is the issue on which the central factual dispute remains, we find that 23.2 hours researching this issue is excessive and we award the plaintiffs fees based on the following: Wickert (4.5 hours = $562.50), Levinson (4 hours = $500) and Riordan (3 hours = $525).

■ The plaintiffs claim that Wickert spent 3.0 hours reviewing interrogatory responses, 4.25 hours reviewing the pleadings file, 3.0 hours generally reviewing documents and 6.25 hours reviewing documents provided by the plaintiffs to prepare their response to Shearson's motion. Reviewing documents was obviously necessary to respond to Shearson's motion. This work is exclusive of the review of Shearson's motion analyzed above. However, the plaintiffs' request for 3.0 hours devoted to a general review can not be adequately scrutinized and we decline to award fees for these hours. Accordingly, the plaintiffs are awarded fees for 13.5 hours of review by Wickert ($1,687.50).

The plaintiffs seek compensation for 2.0 hours by Riordan devoted to studying Shearson's brief and preparing a draft outline of their response. We find this request reasonable and award the plaintiffs compensation for these 2 hours ($300).

The plaintiffs request compensation for research into other issues as follows: subrogation (Wickert 10.25 hours); Regulation D and securities law (Wickert 4.75 hours, Pinelli 3.75 hours); damages (Wickert 9.25 hours, Pinelli 8.25 hours); conversion and fraud (Pinelli 6.0 hours, Riordan 3.5 hours (fraud only)); pari delicto, estoppel, negligence and willful and wanton conduct (Levinson 7.75 hours); interference with contract and business expectations (Pinelli 6.5 hours); duty, agency, notice and scope of employment (Levinson 26.0 hours).

The plaintiffs claimed that Shearson was not the subrogee of its investor whose funds were diverted to the plaintiffs by Shearson's employee, Asta. In our earlier opinion, we refused to accept the plaintiffs' artificial analysis and adopted Judge Decker's previous reasoning on this issue. We find no reason to impose sanctions against Shearson with respect to their conduct regarding it, especially where we have already analyzed their conduct on identical issues raised by their motion. Moreover, it was an issue raised by the plaintiffs.

The plaintiffs' research regarding Regulation D and securities law issues was relevant to their response regarding Claim VIII and Counterclaims 6 and 7. The fees requested for such work are reasonable and, accordingly, we award compensation based on the following: Wickert 4.75 hours ($593.75) and Pinelli 3.75 hours ($656.25).

Shearson's conduct regarding the issues of damages was unreasonable and should be deterred but the plaintiffs' claim for compensation is excessive. This issue did not require substantial research and was related to other issues. Accordingly, we grant the plaintiffs compensation as follows: Wickert 3.0 hours ($405) and Pinelli 2.5 hours ($437.50).

The plaintiffs' claim for compensation regarding their research of conversion and fraud issues is reasonable and Shearson's conduct regarding these issues was unreasonable. Accordingly, we grant the plaintiffs compensation as follows: Pinelli 6.0 hours ($1,050) and Riordan 3.5 hours ($612.50).

The plaintiffs' claim for compensation regarding their research on in pari delicto, estoppel, negligence and willful and wanton conduct issues is reasonable and Shearson's conduct regarding these issues was unreasonable and should be deterred. Accordingly, we grant the plaintiffs fees for Levinson's 7.75 hours ($968.75). The same reasoning holds true for the plaintiffs' claim for compensation and Shearson's conduct regarding interference with contract and business expectations issues. Accordingly, we grant the plaintiffs compensation for Pinelli's 6.5 hours ($812.50).

Finally, the plaintiffs seek compensation for research regarding the issues of duty, agency, notice and scope of employment. Based on the relative complexity of these issues and viewing this evidence most favorably for Shearson, we estimate that the plaintiffs devoted 15 hours to research regarding (fiduciary) duty. Shearson's motion for summary judgment with respect to Count VII (fiduciary duty) was granted and their conduct in this regard was reasonable. The plaintiffs' request for fees regarding the issues of agency, notice and scope of employment are excessive but Shearson's conduct in this regard was unreasonable. Accordingly, the plaintiffs are awarded fees for 6 hours worked by Levinson ($750).

■ The plaintiffs seek compensation for 1 hour of case research and 1/2 hour of lexis research allegedly done by paralegals. We do not doubt that such efforts were expended. However, the plaintiffs' petition regarding this work is not specific and we have no means of determining the reasonableness of this work, especially in light of the detailed analysis we have done with respect to the plaintiffs' other claims involving research. Accordingly, we deny the plaintiffs' claim regarding this work.

■ Approximately 2½ months after receiving Shearson's motion for summary judgment, the plaintiffs filed a motion for an extension of time in which to file their response. Judge Decker granted their motion. The plaintiffs now seek compensation for 2 hours of work preparing and arguing their motion. Based on the nature of Shearson's motion, it was obviously reasonable for the plaintiffs to request an extension. Their motion was related to their general response to Shearson's motion and, accordingly, we grant their request for fees: Riordan, 2 hours ($300).

In addition to "reviewing Shearson's motion" and researching legal issues, the plaintiffs seek compensation for time spent reading cases cited by Shearson: (Riordan, 2.5 hours; Pinelli, 7.75 hours; Levinson, 4.0 hours). We find this claim duplicative of those analyzed above and, accordingly,

deny the plaintiffs' request for compensation regarding this work.

The plaintiffs seek compensation for drafting their response to various issues as follows: damages (Pinelli, 7.0 hours); tortious interference (Pinelli, 8.0 hours); fraud (Pinelli, 7.5 hours; Riordan 7.0 hours); subrogation (Wickert, 6.75 hours); agency (Levinson, 7.25 hours); conversion (Pinelli, 6.5 hours); in pari delicto, estoppel, negligence and willful and wanton conduct (Levinson, 6.75 hours); and securities law (Pinelli, 9.0 hours). The hours worked by Levinson include time spent preparing pleadings and revising the plaintiffs' response on the issue of agency. We estimate that 3.25 hours were expended to draft the in pari delicto and estoppel sections and 4.0 hours to draft the sections on negligence and willful and wanton conduct.

Based on the above rationale with respect to the plaintiffs' request for compensation regarding the research of these issues, we deny their claim for compensation regarding the drafting of sections of their response on the issue of subrogation, reduce their claim on the issue of damages to 3.5 hours by Pinelli ($612.50), and grant their claim for compensation on the issues of: tortious interference, Pinelli, 8.0 hours ($1,400); agency, Levinson, 7.25 hours ($906.25); conversion, Pinelli, 6.5 hours ($1,137.50); in pari delicto and estoppel, Levinson, 6.75 hours ($843.75); and securities law, Pinelli, 9.0 hours ($1,575). As to drafting their response on the issue of fraud, the plaintiffs claim a total of 14.5 hours, roughly two times that claimed for drafting other sections. This section of their response is not more complex than any other and their request is excessive. Accordingly, we award compensation on this issue as follows: Pinelli, 3.5 hours ($612.50) and Riordan, 3.0 hours ($525).

The plaintiffs request compensation for preparing Melrose's affidavit submitted with their response to Shearson's motion. This affidavit was important in clarifying that certain material issues remain in dispute and the plaintiffs' request is reasonable. Accordingly, we grant the plaintiffs compensation: Riordan, 4.5 hours ($787.50).

The plaintiffs engaged in extensive revisions of their response before submitting it. They seek compensation for this work as follows: Pinelli (30.5 hours), Wickert (34.25 hours), Levinson (13.25 hours), Riordan (33.0 hours). The hours attributed to Wickert include work for checking citations and we estimate that 30.0 hours are attributed to his work revising the plaintiffs' response. We do not doubt that such work revising was actually expended. However, it is unreasonable to impose such a large sanction based on this work, especially when we have already reviewed the plaintiffs' extensive request for compensation related to reviewing Shearson's motion, researching issues and drafting a response. Accordingly, we award compensation for reasonably necessary revisions of the plaintiffs' response as follows: Pinelli, 8.0 hours ($1,400), Wickert, 7.0 hours ($945), Levinson, 3.5 hours ($437.50) and Riordan, 7.5 hours ($1,312.50).

The plaintiffs seek compensation for checking citations as follows: paralegals (5.25 hours) and Wickert (4.25 hours). We find this work necessary but excessive. In addition, it is inappropriate to impose sanctions based on Wickert's rate for work which was done primarily and should have been done exclusively by paralegals. Accordingly, we award the plaintiffs compensation for 5 hours of cite checking at the rate of compensation for paralegals ($225).

The plaintiffs request compensation for 2 hours worked by Riordan to "prepare for filing with court." This is a general description of work already reviewed above and, accordingly, we deny this request.

The plaintiffs also request compensation for 2.75 hours worked by Wickert to draft their motion for leave to file their response in excess of 15 pages. This motion was granted and, as noted above, was necessitated by Shearson's conduct. The plaintiff's request is reasonable and we award compensation for this work ($371.25). The plaintiffs additionally request compensation for filing the brief in court. This was done by a paralegal and the request is reasonable and granted ($11.25).

The plaintiffs seek compensation for appearances in court related to their motion to extend time to file a reply (Riordan, 1 hour) and a status call during which Shearson moved to file its reply in excess of 15 pages (Riordan, 2.5 hours). None of this work was expended as a response to Shearson's motion or unreasonable conduct. In addition, the latter appearance was related to other matters pending, including outstanding discovery. Accordingly, we deny the plaintiffs request for this work.

Finally, the plaintiffs seek compensation for copying and mailing documents. Shearson has submitted no evidence or arguments attacking the reasonableness or necessity of these expenses. We find that these expenses were necessarily incurred by the plaintiffs and, accordingly, award the plaintiffs $894.65.

As noted above, several of the plaintiffs' requests listed more than one item of work. We estimated from those requests the actual time expended on particular subjects reviewed above. The remainder of work listed which we estimated to be time expended on other subjects has not been reviewed above. However, each subject for which such time was expended is reviewed above and we find that it would be unreasonable to impose additional expenses for work related to those subjects. Accordingly, the plaintiffs' request for compensation related to such additional work is denied.

Based on the analysis above, the plaintiffs are awarded compensation summarized as follows:

Reviewing Shearson's Motion

| | |
|---|---|
| Riordan | $1,500.00 |
| Owens | $ 125.00 |
| Wickert | $1,750.00 |
| Pinelli | $ 787.50 |
| TOTAL | $4,162.50 |

Standard of Review

| | |
|---|---|
| Levinson | $ 462.50 |
| Riordan | $ 612.50 |
| TOTAL | $1,075.00 |

Drafting Statement of Facts

| | |
|---|---|
| Wickert | $1,975.00 |
| Riordan | $2,800.00 |
| Levinson | $ 250.00 |
| TOTAL | $5,025.00 |

Review of Companion Litigation
Wickert    $ 475.00

Attorney Conferences (total of two requests for conferences)
Riordan    $ 375.00
Wickert    $ 93.75
Levinson    $ 250.00
Pinelli    $ 350.00
TOTAL    $1,068.75

Telephone Calls ·
Riordan    $ 187.50

Reading and Selecting Depositions
Wickert    $ 760.00    .
Riordan    $ 300.00
TOTAL    $1,060.00

Research
Wickert·    $1,561.25
Levinson    $2,218.75
Riordan    $1,137.50
Pinelli    $2,956.25
TOTAL    $7,873.75

Review of Various Documents
Wickert    $1,687.50

Drafting Outline of Response
Riordan    $ 300.00

Motion For An Extension of Time to File Response
Riordan    $ 300.00

Drafting Plaintiffs' Response
Pinelli    $5,337.50
Levinson    $1,750.00
Riordan    $ 525.00
TOTAL    $7,612.50

Revising Response
Pinelli    $1,400.00
Wickert    $ 945.00
Levinson    $ 437.50
Riordan    $1,312.50
TOTAL    $4,095.00

Drafting Melrose's Affidavit
Riordan    $ 787.50

Cite Checking
Paralegals $ 225.00

Drafting Motion For Leave To File Brief in Excess of 15 Pages
Wickert    $ 371.25

Filing Motion in Court
Paralegal $ 11.25

Copying and Mailing Documents
TOTAL    $ 894.65

TOTAL SANCTION: $37,212.15

We find that the imposition of this sanction is appropriate, given Shearson's conduct, as delineated in our prior opinion, and the purposes of Rule 11. Accordingly, it is

ordered that Shearson's counsel pay the plaintiffs' counsel $37,212.15.